UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

IN THE MATTER OF THE
PETITION OF CLEARWATER
MARINE ENTERPRISES, INC.,
for exoneration from or limitation         Case No. 8:22-cv-2380-VMC-CPT
of liability as the owner of the
SUPER QUEEN, OFFICIAL NO. 541178,

    Petitioner.
_____/

## ORDER APPROVING SECURITY, DIRECTING ISSUANCE OF MONITION, AND RESTRAINING PROSECUTION OF CLAIMS

Before the Court is the Petitioner's *Motion for Entry of an Order Approving Security, Directing Issuance of Monition, and Restraining Prosecution of Claims*. (Doc. 4). For the reasons discussed below, the Petitioner's motion is granted as described herein.

I.

Petitioner Clearwater Marine Enterprises, Inc. is the owner of a 1972 75.10-foot passenger vessel named *Super Queen* and bearing Official No. 541178 (the Vessel), which was involved in a maritime incident on or about August 31, 2021, while the Vessel was moored at the Clearwater Marina in Clearwater, Florida (the Incident). (Doc. 1). The Incident occurred when a passenger boarded the Vessel for purposes of participating in a fishing excursion and fell while walking along the deck. *Id.*

On October 14, 2022, the Petitioner filed a complaint seeking to minimize, if not eliminate altogether, its exposure to any liability arising from the Incident pursuant to the Limitation of Liability Act, 46 U.S.C. §§ 30501–30512 and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (Supplemental Rule F). *Id*.

Simultaneously upon filing its complaint, the Petitioner submitted the instant motion, along with a verified Declaration of Value and a Letter of Undertaking (LOU)[1], the latter of which is signed by Petitioner's counsel with the authority of Great American Insurance Group (Great American), as security for any claims stemming from the Incident. (Docs. 1-1, 2-1, 4). The Petitioner represents in the Declaration of Value that the post-loss value of the Vessel is $525,000. (Doc. 1-1). In addition, the Petitioner—joined by Great American—states that it will guarantee payment of any potential obligations in this action up to $525,000, inclusive of attorneys' fees, interest, and costs. (Doc. 2-1). Based on this representation, the Petitioner requests in its motion that the Court (1) approve the security; (2) issue a monition to all potential claimants; and (3) impose an injunction under Supplemental Rule F precluding the

---

[1] LOUs are customarily offered by petitioners that opt to post security in lieu of depositing cash into a court's registry. *See In the Matter of Carpe Diem 1969 LLC*, 2018 WL 1463687, at *2 (D. V.I. Mar. 23, 2018) (citations omitted) (stating that *ad interim* stipulations should require "at the very least" an LOU "executed by an appropriate surety" in order to "provide a guarantee of payment in line with the guarantee afforded by holding the vessel in trust"); *In re Nat'l Maint. & Repair, Inc.*, 2009 WL 3579161, at *1 (S.D. Ill. Oct. 27, 2009) ("'Approved security' includes [LOUs], as 'it has been the practice for many years in the maritime industry to accept [LOUs] given by underwriters, domestic or foreign, in order to avoid the detention of vessels and the expense of posting security in other forms.'") (quoting *Matter of Compania Naviera Marasia S.A., Atlantico*, 466 F. Supp. 900, 902 (S.D.N.Y. 1979)).

further prosecution of any proceedings against the Petitioner arising from any claims subject to limitation.  (Doc. 4).

II.

Upon due consideration of the matter, it is hereby ORDERED:

1. The LOU for the value of the Vessel, in the amount of $525,000, filed by the Petitioner and Great American, is accepted as adequate security and is approved as to form and quantum.

2. The Petitioner and any claimant who may properly become a party hereto may contest the amount or value of the Petitioner's interest in the Vessel as fixed in the LOU; may move the Court for due appraisal of said interest; and may apply to have the amount of said interest increased or decreased, as the case may be, upon the Court's determination of the amount or value of said interest or to carry out the provisions of 46 U.S.C. §§ 30501–30512 for personal injuries, property damage, or any other claims resulting from the Incident.

3. If the amount of the LOU is not disputed by any claimant, the LOU shall stand as a stipulation for value and an appraisal shall not be required.

4. The Clerk of Court shall issue the attached Monition advising and admonishing all persons or corporations asserting claims for any and all losses, damages, injuries, deaths, or destruction allegedly resulting from the Incident, to file their respective claims with the Clerk of Court, United States District Court for the Middle District of Florida, located at 801 North Florida Avenue, Tampa, Florida 33602 **on or before January 24, 2023**, and to serve or mail copies thereof to the

Petitioner's attorneys, Anthony J. Severino and Anthony J. Cuva of Turkel, Cuva, Barrios, P.A., 100 N. Tampa Street, Suite 1900, Tampa, Florida 33602, or be defaulted. If any claimant desires to contest the Petitioner's right to exoneration from or limitation of liability, such claimant(s) shall file and serve on the Petitioner's counsel an answer to the complaint on or before said date, unless his/her claim has included an answer to the complaint so designated, or be defaulted.

5. The Notice of Monition in the form required by Supplemental Rule F and the Admiralty and Maritime Practices Manual shall be published in a newspaper of general circulation in the appropriate county or counties once a week for four (4) consecutive weeks prior to the date fixed for the filing of claims in accordance with Supplemental Rule F and the Admiralty and Maritime Practice Manual.

6. No later than the date of the second weekly publication, the Petitioner shall mail a copy of said notice to every person or corporation known by the Petitioner to have a claim against them arising out of the Incident set forth in the complaint. In addition, the Petitioner shall mail said notice to any decedent at the decedent's last known address and also to any person who shall be known to have made any claim on account of such death.

7. The commencement or further prosecution of any action or proceeding against the Petitioner, the Vessel, or other property of the Petitioner with respect to any claims for which the Petitioner seeks exoneration from or limitation of liability herein, including any claim arising out of or incident to or connected with any loss, damage, injury, death, or destruction, more fully described in the complaint, be and

the same is hereby restrained, stayed, and enjoined until the hearing and determination of this action.

8. Service of this Order as a restraining order in this District may be made in the usual manner as in any other federal district by the United States Marshal's delivery of a certified copy of this Order on the person(s) to be restrained or to their respective attorney(s), or—alternatively—by mailing a conformed copy of the Order to the person(s) to be restrained or to their respective counsel.

SO ORDERED in Tampa, Florida, this 1st day of November 2022.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record