UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

IN THE MATTER OF THE
PETITION OF CLEARWATER
MARINE ENTERPRISES, INC.,
for exoneration from or limitation          Case No. 8:22-cv-2380-VMC-CPT
of liability as the owner of the
SUPER QUEEN, OFFICIAL NO. 541178,

    Petitioner.
_____/

## REPORT AND RECOMMENDATION

Before me on referral is the *Petitioner's Unopposed Motion for Entry of Default Final Judgment for Exoneration from Liability Against all Non-Appearing Potential Claimants*. (Doc. 26). For the reasons discussed below, I respectfully recommend that the Petitioner's motion be granted.

I.

As averred in its complaint, Petitioner Clearwater Marine Enterprises, Inc. is the owner of a vessel named *Super Queen* (the Vessel). (Doc. 1). According to the Petitioner, the Vessel was moored at the Clearwater Marina in Clearwater, Florida when a passenger, Lucinda Coburn, boarded the Vessel for purposes of participating in a fishing excursion and subsequently fell while walking along the deck (the Incident). *Id.* The Incident allegedly resulted in injuries to Ms. Coburn's knee. *Id.*

In October 2022, the Petitioner filed a complaint seeking to minimize, if not eliminate altogether, its exposure to any liability arising from the Incident pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.* (the Act) and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (Supplemental Rule F). *Id*. Simultaneously upon filing its complaint, the Petitioner submitted a verified Declaration of Value and a Letter of Undertaking (LOU),[1] the latter of which was signed by Petitioner's counsel with the authority of Great American Insurance Group (Great American), as security for any claims stemming from the Incident. (Docs. 1-1, 2-1).

The next month, in November 2022, the Court approved the Petitioner's LOU for the value of the Vessel, directed the issuance of a Monition to all possible claimants, and imposed an injunction precluding the further prosecution of any proceedings against the Petitioner arising from any claims subject to limitation. (Doc. 11). The Petitioner thereafter sought permission to amend the Monition, which the Court granted. (Docs. 16, 18, 19).

---

[1] LOUs are customarily offered by petitioners that opt to post security in lieu of depositing cash into a court's registry. *See In the Matter of Carpe Diem 1969 LLC*, 2018 WL 1463687, at *2 (D. V.I. Mar. 23, 2018) (citations omitted) (stating that *ad interim* stipulations should require "at the very least" an LOU "executed by an appropriate surety" in order to "provide a guarantee of payment in line with the guarantee afforded by holding the vessel in trust"); *In re Nat'l Maint. & Repair, Inc.*, 2009 WL 3579161, at *1 (S.D. Ill. Oct. 27, 2009) ("'Approved security' includes [LOUs], as 'it has been the practice for many years in the maritime industry to accept [LOUs] given by underwriters, domestic or foreign, in order to avoid the detention of vessels and the expense of posting security in other forms.'") (quoting *Matter of Compania Naviera Marasia S.A., Atlantico*, 466 F. Supp. 900, 902 (S.D.N.Y. 1979)).

The Petitioner's amended Monition established a March 6, 2023, deadline for potential claimants to file with the Clerk of Court their respective claims or answers or be defaulted. (Doc. 19). The Petitioner published its amended Monition in the *Tampa Bay Times* for a period of four successive weeks prior to the cutoff for the submission of claims. (Doc. 20-1). The Petitioner also mailed a copy of the amended Monition to Ms. Coburn before the second publication date. (Docs. 20-1, 26).

Only one claim—by Ms. Coburn—was filed prior to the March 6, 2023, deadline. (Doc. 22). As to all unknown possible claimants, the Petitioner requested and obtained a clerk's default against them. (Docs. 23, 24).

The instant motion followed. (Doc. 26). By way of that submission, the Petitioner now asks that a default judgment be entered against the non-appearing potential claimants pursuant to Federal Rule of Civil Procedure 55(b)(2) and Supplemental Rule F(5). *Id.* The lone declared claimant, Ms. Coburn, does not oppose this relief. *Id.*

II.

Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the entry of a clerk's default, a plaintiff may apply for a default judgment either to the clerk or to the court. Fed. R. Civ. P. 55(b). This two-step procedure has been found to apply to admiralty actions, which—like this one—are brought pursuant to the Act. *See, e.g.*, *In re Complaint of Wild Fla. Airboats, LLC*, 2017

WL 3891777, at *2 (M.D. Fla. Aug. 29, 2017) (citation omitted), *report and recommendation adopted*, 2017 WL 3877598 (M.D. Fla. Sept. 5, 2017).

In such cases, the Supplemental Rules set forth strict time frames for providing notice to possible claimants and for the filing of claims. Supplemental Rule F(4) states, in pertinent part:

> [A] court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than [thirty] days after issuance of the notice. . . . The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Fed. R. Civ. P. Supp. F(4).

Supplemental Rule F(5) further instructs that once notice has been given, all claims "shall be filed and served on or before the date specified in the notice provided[.]" Fed. R. Civ. P. Supp. F(5). Supplemental Rule F(5) also specifies that "[i]f a claimant desires to contest either the right to exoneration from or the right to limitation of liability[,] the claimant shall file and serve an answer to the complaint unless the claim has included an answer." *Id.*

Under these rules, a default judgment may be entered against each party who fails to submit a claim within the period designated by a court, as long as the petitioner

4

has supplied the requisite notice. *See Matter of Paradise Family, LLC*, 2022 WL 4110729, at *2 (M.D. Fla. Aug. 19, 2022), *report and recommendation adopted sub nom.*, *In re 2021 19' Hurricane M/V El Nino*, 2022 WL 4110276 (M.D. Fla. Sept. 8, 2022); *Matter of Freedom Marine Sales, LLC*, 2019 WL 3848875, at *2 (M.D. Fla. July 31, 2019), *report and recommendation adopted*, 2019 WL 3835945 (M.D. Fla. Aug. 15, 2019); *Matter of Newport Freedog, LLC*, 2018 WL 3687986, at *2 (M.D. Fla. July 16, 2018), *report and recommendation adopted sub nom.*, *Newport Freedog, LLC v. Pepin*, 2018 WL 3656475 (M.D. Fla. Aug. 2, 2018).

Here, as described above, the Petitioner has complied with all the necessary notice requirements. (Docs. 20, 20-1, 26). Moreover, the deadline for any possible claimants other than Ms. Coburn to file a claim or answer has expired, and a clerk's default has been entered against them. (Doc. 24). Accordingly, a default judgment against the non-appearing potential claimants is warranted at this juncture pursuant to Rule 55(b).

III.

Based upon the foregoing, I respectfully recommend:

1. The Court grant the *Petitioner's Unopposed Motion for Entry of Default Final Judgment for Exoneration from Liability Against all Non-Appearing Potential Claimants* (Doc. 26).

2. The Clerk of Court be directed to enter a Final Judgment for Exoneration by Default in the Petitioner's favor and against all claimants who have not filed claims in this action.

Respectfully submitted this 21st day of July 2023.

*Christopher P. Tuite*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Virginia M. Hernandez Covington, United States District Judge
Counsel of record
Any unrepresented party